UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OLD NATIONAL BANCORP, and <br> 1834 INVESTMENT ADVISORS CO., <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW BAPPERT, and <br> BMO BANK N.A., d/b/a <br> BMO Investment Services, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 24-cv-12683 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**AGREED TEMPORARY RESTRAINING ORDER
AND PRELIMINARY DISCOVERY SCHEDULING ORDER**

This matter, having come before the Court on the Emergency Motion for Temporary Restraining Order (Dkt. No. 8), accompanying Memorandum of Law in Support of Emergency Motion for Temporary Restraining Order (Dkt. No. 9), and Emergency Motion for Expedited Discovery (Dkt. No. 11), filed by Old National Bancorp ("Old National") and 1834 Investment Advisors Co. ("1834" or the "Company") (Old National and 1834 collectively referred to as the "Plaintiffs") against Defendants Matthew Bappert ("Bappert") and BMO Bank N.A., d/b/a BMO Investment Services ("BMO") (Bappert and BMO collectively referred to as the "Defendants") on December 10, 2024, with due notice having been given and all parties appearing before the Court through their respective counsel at the motion hearing on December 12, 2024 (Dkt. No. 15), and the Court being advised that Plaintiffs and Defendants have conferred through their respective counsel and agreed to the injunctive relief set forth in this Order, IT IS HEREBY ORDERED:

1. Until further order of this Court, Bappert, his representatives, agents, servants, and all other persons or entities acting in concert or participation with him, are hereby enjoined and restrained from doing, attempting to do, or causing to be done, either directly or indirectly, any of the following acts:

   a. contacting (whether via written correspondence, announcement, email, text message, social media platform, telephone, videoconference, in person, or any other communication format) any client or customer of 1834 with whom Bappert had contact or about whom he obtained knowledge of "Confidential Information" (as defined in the February 17, 2021, Stock Award Agreement attached as "Exhibit A" to the Complaint (Dkt. No. 1)) while employed by 1834 ("Covered Customer"). For greater certainty, it shall not constitute a contact in violation of this provision for Bappert to respond to a communication (whether via written correspondence, announcement, email, text message, social media platform, telephone, videoconference, in person, or any other communication format) initiated by a Covered Customer;

   b. soliciting any Covered Customer for the purpose of providing wealth management services, investment advisory services, or other financial services; or

   c. accessing, using, disclosing, or disseminating any information belonging to 1834 that: (i) constitutes "Confidential Information" (as defined above); or (ii) concerns any customer or client that would

    be protected by or subject to "Regulation S-P" of the United States Securities and Exchange Commission ("SEC");

  d. except, however, nothing in this Order shall prohibit Defendants from rendering services to, or communicating with, any clients or customers who have already transferred management of their assets from 1834.

  e. For the avoidance of any doubt, this provision does not apply to BMO directly, but BMO cannot engage with Bappert for the purpose of avoiding these restrictions.

2. Until further order of this Court, if Bappert (directly or indirectly) is contacted by any client or customer of 1834 (except the five clients who have already moved their assets from 1834 to BMO), then Bappert shall promptly (before the close of business on the day such contact is received) communicate the following message to such client: "My former employer has initiated a dispute against me claiming I am contractually prohibited from accepting any business from, performing services for, or contracting with any client or customer of 1834 Investment Advisors until after November 4, 2025."

3. Nothing in this Order shall:

  a. prohibit Defendants from rendering wealth management, investment advisory, or other financial services to any client of 1834, provided that Defendants have complied with the restrictions and requirements set forth above in Paragraphs 1 and 2 of this Order; or

      b. estop or limit the scope of any alleged claims and/or damages that Plaintiffs may assert against Defendants in this action or estop or limit the scope of any defenses or counterclaims that Defendants may assert against Plaintiffs in this action.

4. Plaintiffs are not required to post any bond in connection with this Temporary Restraining Order.

5. Plaintiffs' Emergency Motion for Expedited Discovery (Dkt. No. 11) is entered and continued to the next Court date.

6. The December 17, 2024 hearing is stricken. The parties shall submit a status report with their proposed discovery schedule and proposed dates for a preliminary injunction hearing by January 14, 2025.

7. The injunctive relief provided for in this Order shall remain in effect until vacated, modified, or extended by further order of this Court.

ENTERED: 12/16/24

_____
HON. GEORGIA N. ALEXAKIS,
UNITED STATES DISTRICT COURT JUDGE